OPINION
{¶ 1} Appellants, Gilbert Leo Johnson and Marigold Johnson, appeal the September 4, 2003 judgment entry, in which the Lake County Court of Common Pleas granted the motion for summary judgment of appellee, the city of Wickliffe ("Wickliffe"), and denied the motion for summary judgment of Towne Investment II, Inc. ("Towne").[1]
 {¶ 2} Appellant filed a complaint against appellee and Towne on June 13, 2002, seeking injunctive relief and money damages. This complaint was a re-filing of a complaint that was originally filed in November 2000, which was voluntarily dismissed without prejudice in June 2001.
 {¶ 3} Appellants have been the owners of real estate located at 30130 Ridge Road in Wickliffe, Ohio. Appellants allege that in 1993, Towne acquired land adjoining their property on the south and east sides. Appellants further claim that Towne applied to appellee for permission to develop the land it acquired. According to appellants, this development altered the grade of Towne's property and caused surface water accumulation, flooding and erosion on appellants' property. Appellants contend that appellee acted in complicity with Towne by approving grade changes and failing to enforce city ordinances.
 {¶ 4} Towne filed a summary judgment motion on February 18, 2003. On that same date, appellee filed a separate summary judgment motion. Attached to appellee's motion was an affidavit of Peter J. Formica ("Formica"), its assistant city engineer, who is a licensed engineer in the state of Ohio. Formica averred that he investigated appellants' complaints in 1996, regarding flooding. He opined that the water run-off from the land developed by Towne was reduced by fifty percent as compared to the run-off before the development. Formica further stated that a silt fence was placed around a catch basin during development. However, due to a heavy rainfall in September 1996, the silt fence collapsed and blocked the catch basin, which caused damage to appellants' property. Formica indicated that he personally took care of the problem, and in his opinion, there was no ongoing water run-off problem between appellants' property and the adjacent properties.
 {¶ 5} Appellants refer to a letter from appellee's city engineer to Towne and a letter from appellee's law director to U.S. Representative Steven LaTourette assuring appellants that their claims would be paid from Towne's performance bond before acceptance of Towne's construction. Subsequently, appellee's law director advised appellants to seek a judgment in an appropriate court because their claims could not be settled.
 {¶ 6} Appellants filed their response to both Towne's and appellee's motions for summary judgment on May 5, 2003. In an entry dated September 4, 2003, the trial court granted appellee's motion for summary judgment and denied Towne's motion for summary judgment.[2] Appellants' claims against Towne remain pending. Appellants timely filed the instant appeal and now assign the following as error:
 {¶ 7} "The trial court erred to the prejudice of [appellants] in granting [appellee's] motion for summary judgment where the pleadings, affidavit and exhibits submitted demonstrated genuine issues of material fact in dispute."
 {¶ 8} In appellants' sole assignment of error, they allege that the trial court erred in granting the motion for summary judgment of appellee. They present three issues for our review. First, they claim that a blanket motion for summary judgment based on R.C. 2744.02 must be denied in an action against a city seeking injunctive equitable relief. Second, appellants assert that in an action against a city seeking damages for a continuing trespass, R.C. 2744.04 does not start running until the trespass has ended. Lastly, they contend that in an action against a city for damages to property based on wanton or reckless acts on the part of its officers, employees or agents, the city is stripped of its immunity under R.C. 2744.03(A)(5) and (6).
 {¶ 9} Preliminarily, we note that summary judgment is appropriate when the moving party establishes the following: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come but to one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence construed most strongly in his favor. Civ.R. 56(C).
 {¶ 10} If the moving party meets its initial burden under Civ.R. 56(C), then the nonmoving party has a reciprocal burden to respond, by affidavit or as otherwise provided in the rule, in an effort to demonstrate that there is a genuine issue of fact suitable for trial.Dresher v. Burt (1996), 75 Ohio St.3d 280, 296. If the nonmoving party fails to do so, the trial court may enter summary judgment against that party. Civ.R. 56(E).
 {¶ 11} Appellate courts review a trial court's granting of summary judgment de novo. Brown v. Scioto Cty. Bd. of Commrs. (1993),87 Ohio App.3d 704, 711. The Brown court stated that "* * * we review the judgment independently and without deference to the trial court's determination." Id. An appellate court must evaluate the record "in a light most favorable to the nonmoving party." Link v. Leadworks Corp.
(1992), 79 Ohio App.3d 735, 741. In addition, a motion for summary judgment must be overruled if reasonable minds could find for the party opposing the motion. Id.
 {¶ 12} In their first and third issues presented for our review, appellants contend that the summary judgment motion should not have been granted on the grounds of statutory immunity. They also allege that in an action against a city for damages to property based on wanton or reckless acts on the part of its officers, employees or agents, the city is stripped of its immunity under R.C. 2744.03(A)(5) and (6).
 {¶ 13} Appellee is a political subdivision of the state of Ohio. R.C.2744.01(F). Determining if a political subdivision is immune from liability is a three step process. Shalkhauser v. Medina (2002),148 Ohio App.3d 41, 46, citing Cater v. Cleveland (1998),83 Ohio St.3d 24, 28.[3] First, the general rule is that the subdivision is immune from tort liability for any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function. R.C. 2744.02(A)(1). Second, any immunity which that section grants may be abrogated by one of the five exceptions listed in R.C. 2744.02(B). Lastly, if immunity is lost to an exception, the political subdivision may assert one of the statutory defenses to liability. Shalkhauser, 148 Ohio App.3d at 46.
 {¶ 14} R.C. 2744.03(A)(5) provides that a "political subdivision is immune from liability if the injury, death, or loss to person or property resulted from the exercise of judgment or discretion in determining whether to acquire, or how to use, equipment, supplies, materials, personnel, facilities, and other resources unless the judgment or discretion was exercised with malicious purpose, in bad faith, or in a wanton or reckless manner." Additionally, R.C. 2744.03(A)(6) provides immunity for an employee in his personal capacity except in certain narrow circumstances.
 {¶ 15} Here, appellee is a political subdivision generally immune from liability because any acts performed by it were in connection with a governmental function. A governmental function includes the "provision or nonprovision, planning or design, construction, or reconstruction of a public improvement, including, but not limited to, a sewer system[.]" R.C. 2744.01(C)(2)(l). Thus, a political subdivision can incur liability only for its failure to exercise reasonable care to keep the sewer system maintained and repaired. Nice v. Marysville (1992), 82 Ohio App.3d 109,117; R.C. 2744.01(G)(2)(d).
 {¶ 16} Appellants allege that the flooding on their property occurred as a result of the installation of a sanitary sewer system for appellee. Specifically, they claim that appellee and Towne are liable for damages because appellee approved grade changes and failed to enforce its city ordinances. However, appellants have presented no evidence that appellee or its employees were negligent with respect to construction of the sewer system or that appellee or its employees acted with any malicious purpose, in bad faith, or in a wanton or reckless manner. In addition, appellants refer to a letter from appellee's city engineer to Towne and a letter from appellee's law director to U.S. Representative Steven LaTourette. However, appellants have not provided any evidence to prove their due process claims. Therefore, although this was an unfortunate situation, there is no proof that appellee acted in a malicious or willful and wanton manner giving rise to liability.
 {¶ 17} In its motion for summary judgment, appellee filed the affidavit of Formica, its assistant city engineer, which stated that the run-off from the land Towne developed was reduced by fifty percent as compared to the run-off before the development. Formica also indicated that a silt fence was placed around a catch basin during development. However, due to a heavy rainfall in September 1996, the fence collapsed and blocked the catch basin, which caused damage to appellants' property. Formica stated that he personally took care of the problem and opined that there was no ongoing water run-off problem between appellants' property and the adjacent properties. It is our view that any involvement between the city engineer's office and appellants was in the nature of good offices and not as the result of any legal duty.
 {¶ 18} In response to appellee's motion for summary judgment, appellants argued that appellee or its employees were negligent in their performance. In their response, appellants included several letters from appellee's officials to Towne's employees discussing appellants' water problems with the development. Appellants also relied on pictures of the sewer system and appellants' deposition testimony. Yet, none of this evidence rebutted the assertion that the run-off from the land developed by Towne was reduced by fifty percent as compared to the run-off before the development. Further, appellants did not present any evidence that appellee was negligent with respect to the installation and construction of the sewer system.
 {¶ 19} Based upon our review of the record, appellants have not established how appellee's maintenance was negligent, and even if negligent, how this negligence caused the overflows. Appellants have not demonstrated that Formica's conduct was malicious, in bad faith, reckless or wanton. Furthermore, we note that appellants' claim would not fit any of the enumerated exceptions to sovereign immunity. The most likely exception to apply is contained in R.C. 2744.02(B)(3), which states:
 {¶ 20} "[P]olitical subdivisions are liable for injury, death, or loss to person or property caused by their negligent failure to keep public roads in repair and other negligent failure to remove obstructions from public roads, except that it is a full defense to that liability, when a bridge within a municipal corporation is involved, that the municipal corporation does not have the responsibility for maintaining or inspecting the bridge.
 {¶ 21} However, R.C. 2744.02(B)(3) does not carve out an exception for sewer systems. It is our position that the statute's failure to include a sewer system as posing potential liability for failing to keep it free from nuisance thus prevents a plaintiff from relying on this particular statutory exception to sovereign immunity. We note that the trial court properly concluded that appellee had immunity.
 {¶ 22} Appellants also allege that in an action against a city seeking damages for a continuing trespass, R.C. 2744.04 does not start running until the trespass has ended. R.C. 2744.04(A) states that "[a]n action against a political subdivision to recover damages for injury, death, or loss to person or property allegedly caused by any act or omission in connection with a governmental or proprietary function * * * shall be brought within two years after the cause of action accrues * * *."
 {¶ 23} In the instant matter, appellants' claims related to appellee's role in approving grade changes and failing to enforce its city ordinances. These are traditional governmental functions, and appellants' assertion that they were injured by the manner in which appellee performed these functions. Appellants have admitted that the last flooding occurred on their property in June 1998. They did not file their original action with the trial court until November 2000, which is beyond the two-year statute of limitations period. Hence, this action is properly characterized as one for political subdivision tort liability pursuant to R.C. Chapter 2744, and the trial court did not err in applying the limitation period set forth therein at R.C. 2744.04(A). Thus, the trial court properly granted summary judgment as to the issues raised by appellants in their assignment of error.
 {¶ 24} For the foregoing reasons, appellants' lone assignment of error is not welltaken. The judgment of the Lake County Court of Common Pleas is affirmed.
Grendell, J., Nader, J., Ret., Eleventh Appellate District, sitting by assignment, concur.
[1] Although Towne was a party in the trial court and they filed a separate brief on appeal, it is our determination that Towne is not a party to this appeal. The trial court entered judgment in favor of appellee, and in its entry, it indicated that there was no just cause for delay.
[2] Appellants filed a motion for leave to file a supplemental brief opposing Towne's motion for summary judgment. However, the trial court denied appellants' motion on September 15, 2003, and appellants appealed. We dismissed that appeal on January 2, 2004, for lack of a final appealable order.
[3] In Cater, the Supreme Court found genuine issues of material fact remained as to whether a political subdivision acted recklessly when the evidence showed that the governmental entity failed to train its lifeguards to use a swimming pool facility's phone lines in order to call 9-1-1.